NO. 07-08-0114-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 6, 2009
______________________________

In the Matter of the Marriage of JANE Y. MEIWES
and STEPHEN E. MEIWES
_________________________________

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. A8424-0507; HON. ROBERT W. KINKAID, JR., PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Stephen E. Meiwes appeals from the entry of a protective order. He claims the entry
of that order was in error because 1) the trial court should have granted his special
appearance, quashed service, and delayed hearing the motion for such order, and 2) no
notice was given that Cody Meiwes sought protection under the order though he was
granted protection. We reform the order and affirm it. 
          Issue 1 - Motion to Strike Service
          Through his first point, Meiwes effectively contends that the protective order is void
since he was denied due process. He purportedly was denied due process because he
was served with several citations which informed him of different hearing dates. We
overrule the issue.
          The record illustrates that the trial court initially scheduled December 13, 2007, as
the date on which the motion would be heard. Later, that hearing was rescheduled for
December 28, 2007, and, according to the sheriff’s return, Meiwes received notice of that
change via citation served on December 13, 2007. Thereafter, the hearing date was
postponed to January 10, 2008. Citation containing notice of that change and the new date
was served on him on December 27, 2007, according to the sheriff’s return. 
          More importantly, Meiwes, through his counsel, sent the trial court’s coordinator a
letter dated December 26, 2007. Through it, he disclosed that on December 12, 2007 (the
day before the first hearing date), he received a phone call from counsel for the movant
who told him that 1) the December 13 hearing date would be passed, 2) though the hearing
was rescheduled for December 28, the trial court would be unavailable, and 3) the ultimate
hearing date would be January 10. He closed his missive to the coordinator by stating, “[i]f
there [sic] a hearing on December 28, 2007 in the above case that Mr. Meiwes needs to
attend, then please contact me immediately.” He does not cite us to anything of record
illustrating that after December 26, he believed the hearing was going to be held on some
day other than January 10. Finally, Meiwes, through his attorney, appeared at the January
10 proceeding. 
          Per statute, a respondent to an application for a protective order is entitled to receive
“service of notice of an application for protective order.” Tex. Fam. Code Ann. §82.043(a)
(Vernon 2008). The notice of the application must “show the date, time, and place of
hearing . . . .” Id. §82.041(a)(6). Given these statutes, the evidence that they were
complied with, the truism that due process simply requires that notice be reasonably
calculated to apprise interested parties of the pendency of the action and afford them the
opportunity to present their objections, Ibrahim v. Young, 253 S.W.3d 790, 805 (Tex.
App.–Eastland 2008, pet. denied); $24,156 in U.S. Currency v. State, 247 S.W.3d 739, 744
(Tex. App.–Texarkana 2008, no pet.), the undisputed evidence that appellant knew of the
January 10 hearing date by December 12, the undisputed evidence that Meiwes appeared
at and participated in the January 10 hearing via his attorney, and his current failure to
assert, much less illustrate, harm, we cannot but reject the complaint before us.
          Issue 2 - Inclusion of Cody Meiwes as a Protected Party
          As for his second complaint, Meiwes argues that the protective order improperly
included his son (Cody Meiwes) as a protected party though Cody did not apply for
protection.


 In response, appellee informed this court that “. . . although not void, [the
order] should be modified to remove protection in favor of Cody Meiwes, a non-applicant
and non-party to the proceedings.” Given the latter concession, we will reform the trial
court’s order to delete any reference to Cody Meiwes as a protected party.
           The trial court’s protective order is modified to remove allusion to Cody Meiwes from
the scope of protection accorded by that order and is affirmed as modified. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice